UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No.: |
| | ) | |
| CEVA FREIGHT, LLC, doing business as CEVA | ) | **COMPLAINT** |
| LOGISTICS, CEVA LOGISTICS U.S., INC., and | ) | |
| AMAZON.COM SERVICES LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |

Plaintiff Sompo Japan Insurance Inc. (hereinafter "Sompo" or "Plaintiff") by its undersigned attorneys, for its Complaint, alleges as follows:

**GENERAL ALLEGATIONS**
**APPLICABLE TO ALL CAUSES OF ACTION**

**JURISDICTION, VENUE AND PARTIES**

1.      This Court has subject matter jurisdiction pursuant to federal law under 28 U.S.C. § 1331 as a claim arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C. § 14706 and/or diversity pursuant to 28 U.S.C. § 1332 and/or federal common law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      At all times material hereto, Plaintiff Sompo was and is a corporation existing under and by virtue of the laws of Japan, with a principal place of business at 26-1, Nishi-Shinjuku 1-chome, Shinjuku-ku, Tokyo 160-8338, Japan, who insured Canon USA, Inc. and its corporate affiliates (hereinafter "Canon"), the owner of the Shipment which is the subject matter of this action.

3.      Defendant CEVA Freight, LLC, doing business as CEVA Logistics. (hereinafter "CEVA Freight") is a corporation organized and existing under the laws of the State

of Delaware, with its principal place of business at 15350 Vickery Drive, Houston, Texas 77032, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker, warehouseman and/or is otherwise involved in the transportation and/or storage and/or handling of goods and operates and runs routes and/or operates warehouses in this District, and does business in the State of Illinois and in this District.

4.      Defendant CEVA Logistics U.S., Inc. (hereinafter "CEVA Logistics") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 15350 Vickery Drive, Houston, Texas 77032, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker, warehouseman and/or is otherwise involved in the transportation and/or storage and/or handling of goods and operates and runs routes and/or operates warehouses in this District, and does business in the State of Illinois and in this District.

5.      CEVA Freight and CEVA Logistics will hereinafter be referred to both individually and collectively as "CEVA".

6.      Defendant Amazon.com Services LLC (hereinafter "Amazon") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, Washington, 98109, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker, warehouseman and/or is otherwise involved in the transportation and/or storage and/or handling and/or sale of goods and operates and runs routes and/or operates warehouses in this District, and does business in the State of Illinois and in this District.

7.      Venue is proper here within the meaning of 28 U.S.C. § 1391(b) and/or 49 U.S.C. § 14706(d) because Defendants are receiving and/or delivering carriers and/or do

2

business and/or schedule or operates truck and routes throughout the 48 contiguous United States including the State of Illinois and the area comprising the Northern District of Illinois. Specific jurisdiction exists because a substantial amount of the events or omissions giving rise to the claim occurred in this district, and a substantial part of the property that is the subject of this action was last known to be situated in this district, and is believed to be still within this district. The Northern District of Illinois is the most convenient forum because the cargo in question was last known to be within this district and the most important witnesses involved with the claim are located here.

## **THE SHIPMENT**

8.     On or about October 20, 2021 there was shipped by Canon and delivered to Defendant CEVA in Taipei, Taiwan, a consignment consisting of 7 pallets of Canon Digital SLR Cameras (hereinafter "Cameras"), then being in good order and condition (hereinafter referred to as the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant CEVA agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment to Canon's warehouse facility in Aurora, Illinois, and there deliver the Shipment in the same good order and condition as when received. The Shipment is described in transportation documents issued by CEVA dated October 20, 2021 and October 26, 2021 bearing number 211271044, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

9.     The Shipment was not delivered at destination in the same good order and condition as received, as one pallet of Cameras out of the seven was missing, in violation of

10.     Defendant CEVA's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

3

11.     Subsequent investigation by CEVA concluded that the seven pallets of Cameras arrived at CEVA's warehouse in Wood Dale, Illinois on or about October 23, 2021, and that subsequent to that date, one of those pallets of Cameras was mistakenly loaded by a CEVA loading dock employee onto a truck which was being loaded with other cargo for delivery to Defendant Amazon's warehouse.

12.     The one pallet of Cameras erroneously loaded on the truck bound to Amazon's warehouse has not been recovered, despite requests by Plaintiff to both CEVA and Amazon to ascertain the whereabouts of the pallet.

13.     Plaintiff Sompo insured the Shipment against loss and damage. By reason of the loss described above, Sompo was obliged to pay and actually paid the claim to Canon, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendants are legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of its insured for its deductible interest, and on behalf of all parties who may be or become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

14.     Plaintiff Sompo, having paid the claim to its insured Canon, has assumed Canon's absolute and unconditional right to the immediate possession of the Cameras.

15.     Plaintiff has demanded Amazon return the Cameras to its possession, by notifying Amazon in writing that Sompo is the owner of the Cameras, and Plaintiff Sompo has provided to Amazon the full description, product code and serial numbers of the Canon Digital SLR Cameras so Defendant Amazon can search its warehouse and inventory for the said cameras.

4

16.    Amazon has not responded to Plaintiff Sompo's request that Amazon search for the Cameras.

17.    Amazon has not returned the Cameras to Plaintiff Sompo or its assured, and as such has wrongfully and without authorization assumed control, dominion and ownership over the Cameras.

18.    Plaintiff Sompo and its assured have performed all conditions on their parts to be performed.

19.    By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $50,000.00.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**
**AND/OR DUTIES UNDER THE CARMACK AMENDMENT**
**(AGAINST ALL DEFENDANTS)**

20.    Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

21.    By reason of the foregoing, the Defendants were carriers of merchandise and/or freight forwarders and/or brokers and breached their duties as such under the Carmack Amendment, 49 U.S.C. § 14706, and/or other applicable laws and/or under the applicable transportation contracts.

22.    By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $50,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
**(AGAINST ALL DEFENDANTS)**

23.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

24.     The Defendants were acting as bailees of the Shipment at the time of the loss.  The Defendants were thereby, or through their contractors, agents, servants or sub-bailees, bailees who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition and/or in the same quantity or amount as when entrusted to them.

25.     By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $50,000.00.

## THIRD CAUSE OF ACTION

### NEGLIGENCE/GROSS NEGLIGENCE
**(AGAINST ALL DEFENDANTS)**

26.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

27.     The Defendants, by their negligence and/or gross negligence, including their negligent entrustment/failure to carefully select the actual truckers, caused loss of the Shipment.  The facts indicate that Defendants may also well have failed to use reasonable care in handling the Shipment and/or in other ways which will be elucidated in discovery.   The

6

Defendants therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to them.

28.     By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $50,000.00.

## FOURTH CAUSE OF ACTION

### MISDELIVERY
### (AGAINST CEVA)

29.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

30.     By reason of the foregoing, Defendant CEVA breached its obligations to Plaintiff and Plaintiff's insured, by misdelivering the pallet of Cameras to the wrong person and/or to the wrong place, instead of to Canon and Canon's warehouse in Aurora, Illinois, as it had agreed to do.

31.     By reason of the foregoing, Defendant CEVA caused the pallet of Cameras to be lost.

32.     By reason of the foregoing, the Defendant CEVA has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $50,000.00.

## FIFTH CAUSE OF ACTION

### REPLEVIN / DETINUE
### (AGAINST AMAZON)

33.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

34.     By reason of the foregoing, Defendant Amazon is in possession of the

Cameras, which is property which Sompo is the rightful owner and/or is entitled to possession of same.

35.     By reason of the foregoing, Defendant Amazon has not returned the Cameras to Sompo when return was demanded, and after Sompo provided documentation establishing that Sompo (and its assured) is the rightful owner of the Cameras and/or has the absolute and unconditional right to possession of same.

36.     By reason of the foregoing, Defendant Amazon caused the pallet of Cameras to be lost and/or has withheld property which Amazon does not own and is obligated to return to its rightful owner.

37.     By reason of the foregoing, the Defendant Amazon has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $50,000.00.

## SIXTH CAUSE OF ACTION

## CONVERSION / FAILURE TO RETURN LOST GOODS
### (AGAINST AMAZON)

38.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

39.     By reason of the foregoing, Defendant Amazon found and/or otherwise came into possession of the Cameras, which are property which Sompo is the rightful owner.

40.     By reason of the foregoing, Defendant Amazon has deprived Plaintiff Sompo and/or its insured of its right to exclusive use of the Cameras.

41.     By reason of the foregoing, Defendant Amazon has converted the Cameras to its own use by depriving Plaintiff Sompo and/or its insured of use of same and/or by sale of the Cameras, and/or in other ways which will be elucidated in discovery.

42. By reason of the foregoing, Defendant Amazon has violated its obligations under the Illinois Estrays and Lost Property Act, 765 ILCS 1020/27, *et seq.*, which mandates that one who is in possession of property not its own, shall, *inter alia*, "…inform the owner thereof, if known, and shall make restitution of the same…"

43. By reason of the foregoing, the Defendant Amazon has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $50,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against Defendants CEVA Freight, CEVA Logistics, and Amazon, citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants CEVA Freight, CEVA Logistics, and Amazon on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  July 20, 2022                                     Respectfully submitted,

                                                                   SOMPO JAPAN INSURANCE, INC.

                                                                   /s/ *James J. Sipchen*
                                                                   James J. Sipchen ARDC #6226113
                                                                   Pretzel & Stouffer, Chartered
                                                                   One South Wacker Drive, Suite 2500
                                                                   Chicago, Illinois 60606
                                                                   (312) 346-1973 – Phone
                                                                   (312) 346-8242 – Fax
                                                                   Attorneys for Plaintiff
                                                                   Email: jsipchen@pretzel-stouffer.com

OF COUNSEL:

MALOOF & BROWNE LLC
    David T. Maloof, Esq.
    Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
         kleland@maloofandbrowne.com